IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AMERICAN PRIDE PROPERTIES, LLC, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No. 2:21-cv-674-WKW-CWB** |
| ) | |
| GEORGE A. MILLER, JR., *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.    Introduction

Before the court are two pending motions: (1) a Motion to Proceed *In Form Pauperis* filed by Fredrika Miller and "the Estate of Ozell C. Miller" (Doc. 2); and (2) a Motion to Remand filed by American Pride Properties, LLC (Doc. 8).  For the reasons set out below, the undersigned Magistrate Judge recommends that this action be remanded to state court and that the motion to proceed *in forma pauperis* be denied as moot.

### II.    Procedural Background

On or about December 4, 2020, American Pride Properties, LLC (hereafter "APP") filed a Complaint in the Circuit Court of Montgomery County, Alabama that named George A. Miller, Jr. and Ozelle C. Miller[1] as party defendants.  (Doc. 8 at ¶ 1; Doc. 1-1 at ¶¶ 1-3).  On July 9, 2021, APP filed an Amendment to Complaint to name Fredrika Miller as an additional party defendant. (Doc. 8 at ¶ 2; Doc. 1-2 at p. 14, ¶ 2).  All of the underlying claims relate to possessory and other

---

[1] The record filings utilize both "Ozell" and "Ozelle" as alternate spellings.  For consistency, the court shall adopt the spelling "Ozelle."

legal rights following a June 2019 tax sale of certain real property located in Montgomery County, Alabama.  (Doc. 1-1 at pp. 2-7; Doc. 1-2 at pp. 15-20).[2]

On October 8, 2021, Fredrika Miller—purporting to act on behalf of herself and co-defendants George A. Miller Jr. and Ozelle Miller—removed the state court proceedings to this court.  (Doc. 1).  Fredrika Miller is the only signatory to the notice of removal, and the signature line reads, "Fredrika M. Miller, the estate of Ozell C. Miller pro se." (*Id*. at 4).  The motion to proceed *in forma pauperis* is similarly executed only by Fredrika Miller and purports to be brought by "Fredrika M. Miller and the estate of Ozell C. Miller."  (Doc. 2).  As grounds for removal, Fredrika Miller alleges that she would be unable to receive a fair trial in state court.  (Doc. 1 at ¶ 3).

APP filed a motion to remand proceedings to state court on November 10, 2021.  (Doc. 8).

## III.   Discussion

Although Fredrika Miller ostensibly attempts to proceed on behalf of George A. Miller, Jr. and the estate of Ozelle Miller, there is nothing in the record to suggest that she is a licensed attorney who would be capable of representing another party.  "The right to appear *pro se* … is limited to parties conducting 'their own cases,' and does not extend to non-attorney parties representing the interests of others." *FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) (citation omitted); *Class v. U.S. Bank Nat'l Ass'n*, 734 F. App'x 634, 636 (11th Cir. 2018);

---

[2]  The amended complaint alleges that George A. Miller, Jr. and Ozelle Miller were conveyed title to the subject property in December 1978, that George A. Miller, Jr. died in 1981, and that Ozelle Miller died in December 2019.  (Doc. 1-2 at ¶¶ 3-4).  It appears that the subject property thereafter was sold at a tax sale to CTL 8, LLC RAI Custodian, which in turn transferred and assigned its interest to APP.  (*Id*. at ¶¶ 5-11).  APP alleges that it has been in possession of the property since approximately August 2020 and that it has made various improvements to the property.  (*Id*. at ¶ 12).  Fredrika Miller is alleged to be the sole heir of George A. Miller, Jr. and Ozelle Miller and thus potentially possesses an interest in the property.  (*Id*. at ¶ 14).

*Kopcsak v. Reg.*, No. 3:17CV212, 2021 WL 5046684, at *5 (N.D. Fla. Mar. 3, 2021), *report and recommendation adopted*, No. 3:17CV212, 2021 WL 5046690 (N.D. Fla. Mar. 17, 2021) ("[A] non-lawyer cannot proceed *pro se* on behalf of an estate, even though she is an administratrix of the estate, and a legal guardian cannot proceed *pro se* on behalf of a minor or incompetent.") (citing *Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012) ("Because Franklin, as a non-lawyer, was not permitted to proceed *pro se* on behalf of Elnoria Franklin's estate, she can prove no set of facts entitling her to relief.")).  Because Fredrika Miller is appearing *pro se* and does not allege that she is an attorney, all filings are due to be disregarded as void to the extent they purport to be submitted on behalf of George A. Miller, Jr. or the estate of Ozelle Miller.  *See, e.g., RCC Wesley Chapel Crossing, LLC v. Cunningham Inv. Grp., Inc.*, No. 118CV03964, 2018 WL 6839061, at *2 (N.D. Ga. Oct. 1, 2018), *report and recommendation adopted*, No. 1:18-CV-3964, 2018 WL 6838995 (N.D. Ga. Oct. 23, 2018) ("[B]ecause Movant, a non-attorney, signed and filed the notice of removal and application to proceed IFP on Defendant's behalf, those documents are void as a matter of law.").

To the extent Fredrika Miller attempts to proceed in this court in her individual capacity, she is required to demonstrate a basis for federal jurisdiction.  *See DeBose v. Ellucian Co., L.P.*, 802 F. App'x 429, 431 (11th Cir. 2019) ("The removing party bears the burden of proving that removal jurisdiction exists.").  Here, however, the notice of removal does not allege any facts upon which federal jurisdiction could be based.  Although the notice of removal does cite to the general removal statute as codified at 28 U.S.C. § 1441(a), it merely alleges that removal is appropriate "because the action commenced against Defendants in State Court is a civil action of which the Courts of the United States have broader and unbiased jurisdiction."  (Doc. 1 at ¶ 3).

The court's review of the record fails to uncover any issue that would "arise under the Constitution, laws, or treaties of the United States" so as to trigger federal question jurisdiction pursuant to 28 U.S.C. § 1331.  To the contrary, it appears that all issues involve application of Alabama state law surrounding tax sales.  Nor does it appear that diversity jurisdiction can be found under 28 U.S.C. § 1332.  The notice of removal contains no reference whatsoever to citizenship or amount in controversy.  (Doc. 1).  Frederika Miller therefore has failed to satisfy her burden of establishing a complete diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).  *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1340 (11th Cir. 2011) ("It is the burden of the party seeking federal jurisdiction to demonstrate that diversity exists by a preponderance of the evidence."); *Sammie Bonner Const. Co. v. W. Star Trucks Sales, Inc.*, 330 F.3d 1308, 1310 (11th Cir. 2003) ("Because Western Star sought removal to federal court, it bore the burden of proving that Bonner's claims satisfied the minimum amount in controversy requirement.").[3]

Finally, Fredrika Miller's attempt to remove proceedings to this court is untimely. "To remove under [§ 1441(a)], a party must meet the requirements for removal detailed in other provisions."  *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019).  Among the requirements for removal is that a defendant remove proceedings within 30 days after receipt of an initial pleading.  *See* 28 U.S.C. § 1446(b)(1).  The record reflects that APP filed the amended

---

[3] The court gleans from the state court filings that APP is a citizen at least of the State of Delaware and that Fredrika Miller is likely a citizen of the State of Alabama.  Even though diversity of citizenship would exist in that scenario, it should be noted that removal nonetheless would be precluded by 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed <u>if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought</u>.") (emphasis added).

complaint naming Fredrika Miller on July 9, 2021.  (Doc. 1-2 at p. 14).  In her notice of removal, Fredrika Miller references a summons "dated July 15, 2021." (Doc. 1, at ¶ 2).  The record additionally reflects that Fredrika Miller filed her initial pleading in state court approximately 30 days later, on or about August 12, 2021.  (Doc. 8 at ¶ 3).  However, the notice of removal was not filed in this court until October 8, 2021.  (Doc. 1).  Because 28 U.S.C. § 1446(b)(1) requires a notice of removal to be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading," and because APP has raised the timeliness issue in its motion to remand, this action would be due for remand even if a basis for federal jurisdiction otherwise existed.  *WRI Cap. Grp. LLC v. Lewis*, No. 1:13-CV-00376, 2013 WL 12382899, at *3 (N.D. Ga. Apr. 23, 2013), *report and recommendation adopted*, No. 1:13-CV-0376, 2013 WL 12382898 (N.D. Ga. May 23, 2013).

### IV.    Conclusion

For the reasons stated above, the Magistrate Judge concludes that this court lacks jurisdiction over the removed proceedings.  The Magistrate Judge therefore RECOMMENDS that the motion to remand (Doc. 8) be GRANTED, that this action be REMANDED to the Circuit Court of Montgomery County, Alabama, that the Clerk of the Court be DIRECTED to take the necessary steps to effectuate the remand, and the motion to proceed *in forma pauperis* (Doc. 2) be DENIED as moot.

It is further ORDERED that, by August 30, 2022, the parties may file written objections to this Recommendation.  An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection.  Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 16th day of August 2022.

/s/

**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**